IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **TIMOTHY TYJUAN WILSON,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | ) Case No. 1:21-cv-08006-KOB |
| | )          1:18-cr-610-KOB-HNJ |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| | ) |
| | ) |
| **Respondent.** | ) |

**MEMORANDUM OPINION**

Pursuant to a plea agreement, Timothy Tyjuan Wilson pled guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g) on March 7, 2019, and the court sentenced him to 60 months imprisonment on August 13, 2019. (Cr. Docs. 10 & 19).[1] This case is now before the court on Wilson's motion to vacate, set aside or correct his conviction and sentence pursuant to 28 U.S.C. § 2255 and his "Memorandum of Law" in support of his motion filed on January 25, 2021.[2] (Cv. Docs. 1 & 2).

Wilson raises two grounds for habeas relief. He first argues that his conviction and sentence are invalid based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which held that § 922(g) requires that a defendant know of his status as

---

[1] Documents from Wilson's criminal trial, case number 1:18-cr-610-KOB-HNJ, are designated "Cr. Doc. ___." Documents from Wilson's § 2255 action, case number 1:21-cv-8006-KOB, are designated "Cv. Doc. ___."

[2] Although the docket sheet reflects a "filed date" of February 22, 2021, pursuant to the "Prisoner Mailbox Rule," the court deems the motion filed on January 25, 2021—the date Wilson signed the motion and purportedly delivered it to prison officials. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (A pro se inmate's petition is deemed filed when he delivers it to prison officials for mailing, presumably the date he signs it.).

1

a felon at the time he possessed a firearm.  The Supreme Court decided *Rehaif* on June 21, 2019, *after* Wilson's *plea* of guilty on March 7, 2019, but *before* his *sentencing* on August 19, 2021.  Wilson claims that his plea was not voluntary because he did not understand at the time of his plea that *Rehaif* required that he know of his felon status for a conviction under § 922(g). and the Indictment failed to include this requirement.  Second, Wilson argues that his counsel was ineffective for failing to explain this *Rehaif* knowledge requirement to him.  *See* (Cv. Docs. 1 & 2).

After an initial review of Wilson's habeas motion, the court ordered Wilson to show cause why the court should not dismiss his motion as untimely because he did not file it within one year of when his conviction became final.  (Doc. 3).  Wilson argues that his motion is timely under 28 U.S.C. § 2255(f)(2) because the prison's lockdowns during COVID-19 created an impediment that prevented him from timely filing within one year of when his conviction became final (docs. 1, 4, & 8); that his motion is timely under § 2255(f)(3), which gave him one year from the Supreme Court's decision in *Rehaif* to file his habeas motion (docs. 1 & 4); and that the court should apply equitable tolling because of prison lockdowns caused by the COVID-19 pandemic (doc. 8).

The Government responded in opposition arguing that Wilson's motion is untimely under all subsections of § 2255(f) (doc. 6), and Wilson filed his reply to the Government's response (doc. 8).  After considering all the filings in this case and for the following reasons, the court will DENY his habeas motion as UNTIMELY under 18 U.S.C. § 2255(f).

**BACKGROUND OF CRIMINAL CASE**

In September 2018, Officers with the Anniston Police Department encountered four

2

people suspected of loitering in a minivan backed into a parking space at a public housing complex in Anniston. Wilson was the front seat passenger in the minivan. The officers saw a marijuana cigarette in plain view on the floorboard next to Wilson's foot and instructed him to get out of the car. Wilson attempted to run, but officers tackled him at the back of the van. Once handcuffed, officers found a baggie of marijuana in Wilson's pocket and a Hi-Point 9mm pistol fell out of his pants leg. (Cr. Doc. 10).

While officers were removing other occupants from the minivan, Wilson, in handcuffs, took off running through the public housing complex. Officers eventually caught Wilson in the woods adjacent to the complex. Officers discovered that Wilson had previous Alabama state convictions for First Degree Robbery, Discharging a Firearm into an Occupied Dwelling, and Attempted Murder. (Cr. Doc. 10).

A federal grand jury indicted Wilson on felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The court appointed Kevin Roberts with the Federal Public Defender's Officer to represent Wilson in his criminal case. (Cr. Doc. 1 & 3).

Pursuant to a negotiated plea agreement, Wilson pled guilty in March 2019 to being a felon in possession of a firearm. (Cr. Doc. 10). At the time of his plea hearing, the Supreme Court had not yet decided *Rehaif*. At the sentencing hearing on August 13, 2019, *after* the *Rehaif* decision in June 2019, the court explained on the record the *Rehaif* decision and requirement that Wilson had to know that he was a felon at the time he possessed the firearm. (Sentencing Tr. at 4-5). The court specifically asked Wilson, "at the time you possessed this gun, did you know that you were a convicted felon?" Wilson responded, "Yes, Your Honor." The court emphasized that it asked that question because it wanted "to

3

be sure that [the knowledge] requirement for the conviction had been met" and asked Wilson if he understood.  Wilson again responded, "Yes, Your Honor."  (Sentencing Tr. at 4-5).  Satisfied that Wilson understood and met all the requirements for a conviction under §922(g), including knowledge pursuant to *Rehaif*, the court sentenced Wilson to sixty months imprisonment.  (Cr. Doc. 19).  Mr. Wilson did not file a direct appeal.

The Federal Board of Prison's website indicates that Wilson is currently housed at USP Big Sandy, with a scheduled release date of November 25, 2023. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations for filing a habeas motion under 28 U.S.C. § 2255, which begins to run upon the triggering of one of four events.  28 U.S.C. § 2255(f)(1-4).  The three triggers that could apply to Wilson's habeas claims are found in § 2255(f)(1) based on the date of Wilson's final conviction; (f)(2) based on when an unconstitutional impediment to filing is removed; and (f)(3) based on the date of an applicable Supreme Court decision that is retroactively applicable on collateral review.  But as the court will explain below, Wilson's habeas motion is untimely under all these subsections of § 2255(f) and equitable tolling is not warranted in this case.

### *Timeliness based on § 2255(f)(1)*

Under § 2255(f)(1), the one-year time limit begins to run on the "date on which the judgment of conviction becomes final."  Wilson's conviction became final and his one-year statute of limitations in 28 U.S.C. § 2255(f)(1) began to run on August 27, 2019, the date by

4

which he could have filed a timely notice of appeal.  *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) (If a defendant fails to file a direct appeal, his conviction becomes final when the time to file an appeal expires).   So, Wilson had one year from the date his conviction became final after his appeal time expired—until August 27, 2020—to file his habeas motion.

But Wilson did not file his § 2255 motion until January 25, 2021—five months after this deadline.  Because Wilson filed his habeas motion after this deadline, his motion is untimely under 28 U.S.C. § 2255(f)(1).

*Timeliness based on § 2255(f)(2)*

Wilson fares no better under 28 U.S.C. § 2255(f)(2).  Under that section, the one-year statute of limitations began to run when "the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action."  28 U.S.C. § 2255(f)(2).  Wilson claims that the COVID-19 lockdowns at Big Sandy created the unconstitutional impediment that prevented him from timely filing within one year of when his conviction became final.  Wilson argues that the COVID-19 lockdowns at Big Sandy began as early as March 1, 2020 and prevented him from accessing the law library computer to research and draft his § 2255 motion.  He claims that "during the brief periods of being allowed out of the cell," he "for-went taking a shower" or "contacting his family" and used the law library "5 minutes here[,] 4 minutes there" to "put together the original [§ 2255] submission."  (Doc.  4 at 2).  But his claim that § 2255 (f)(2) applies fails for several reasons.

The mere inability of Wilson to access the law library or computer during the COVID-19 lockdowns is not, standing alone, an unconstitutional impediment for purposes of § 2255(f)(2). *See Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) (finding that the "mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment" under § 2255(f)(2)). Wilson must show that the lockdown caused an "actual harm, or in other words, unconstitutionally prevented him from exercising that fundamental right of access to the courts" to file his § 2255 motion. *See Akins*, 204 F.3d at 1090.

But Wilson can show no actual harm because he failed to explain his inability to file his motion *prior to* the COVID-19 lockdown at Big Sandy. *See Akins*, 204 F.3d at 1090 ("The record does not support a finding of actual injury when Akins fails to explain why the *seven months* prior to lockdown were inadequate to complete and file his motion.") (emphasis added). The court sentenced Wilson on August 13, 2019. Like Akins, Wilson had *seven months before* the March 2020 COVID-19 lockdown to file his § 2255 motion. Wilson has failed to even suggest any reason why he was unable to complete his § 2255 motion during these seven months prior to the March 2020 lockdown. So, his failure to explain his inability to file his habeas motion prior to March 2020 is "fatal to his claim of an unconstitutional impediment" under § 2255(f)2). *See Akins*, 204 F.3d at 1090.

Moreover, assuming the COVID-19 lockdown at Big Sandy caused an actual injury to Wilson, he has the burden to show that the lockdown was *not* "reasonably related to legitimate penological interests" for the lockdown to be an *unconstitutional* impediment under § 2255(f)(2). *See Akins*, 204 F.3d at 1090 (internal quotations and citations omitted).

6

Wilson cannot make this showing and has failed to even suggest that the COVID-19 lockdowns were not reasonably related to legitimate penological interests. The measures taken in prisons to stop the spread of COVID-19, including hard lockdowns, were reasonably related to the health and safety of the prisoners and prison staff. *See Akins*, 204 F.3d at 1090 (finding no unconstitutional impediment under § 2255(f)(2) because the lockdown in that case was "reasonably related to the legitimate interest of prison safety and the safety of correctional officers"). So, Wilson's lockdown status that he claims prevented him from filing a timely § 2255 motion does not rise to the level of an *unconstitutional* impediment.

Wilson has failed to show actual harm or that the COVID-19 lockdowns were not reasonably related to a legitimate penological interest. So, he cannot rely on § 2255(f)(2) to make his late-filed habeas motion timely.

### *Timeliness based on § 2255(f)(3)*

Wilson also claims that his habeas action is timely under § 2255(f)(3), which gave him one year from the Supreme Court's decision in *Rehaif* to file his habeas motion. But his reliance on *Rehaif* to make his motion timely is misplaced.

Under § 2255 (f)(3), Wilson had one year from the *Rehaif* decision on June 21, 2019, or until June 21, 2020, to file his habeas motion. But Wilson did not file his habeas motion until January 25, 2021—about seven months after the § 2255(f)(3) deadline. So, his motion is untimely even if the court applied § 2255(f)(3) based on the *Rehaif* decision.[3]

---

[3] Although the court does not reach the merits of Wilson's *Rehaif* claim, the court notes again that the Supreme Court decided *Rehaif after* Wilson's *plea hearing* but *before* his *sentencing hearing*. Mindful of *Rehaif*, the court explained the *Rehaif* elements to Wilson at the beginning of his sentencing hearing. Wilson indicated at sentencing that he understood the requirement that he knew that he was a felon at the time he possessed the

And Wilson's deadline for filing his habeas motion under § 2255(f)(1)—until August 27, 2020—gave him *more* time to file his habeas motion than he would have had under § 2255(f)(3). He had about two months more under § 2255(f)(1) to file a timely habeas motion than he would have had under § 2255(f)(3). Regardless, as explained above, Wilson's habeas motion was untimely under § 2255(f)(1), (f)(2), and (f)(3).

*Equitable Tolling*

Wilson claims that, even if his motion is untimely under § 2255(f), this court should apply equitable tolling and reach the merits of his motion. When a movant files a § 2255 motion outside of the statute of limitations period, the court may still review the motion *if* the petitioner shows that the doctrine of equitable tolling applies.[4] *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). Under the equitable tolling doctrine, the petitioner has the burden of proving that the circumstances warrant application of the doctrine. *Id.* at 1268 (citing *Drew v. Dept. of Corrects.*, 297 F.3d 1278, 1286 (11th Cir. 2002)).

Equitable tolling is a "rare and extraordinary remedy" and applies only if Wilson shows "(1) that he has been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way and prevented timely filing." *See San Martin*, 633 F.3d at 1267, 1271 (quoting *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)) (emphasis added) (internal quotation marks omitted). To be eligible for equitable tolling, Wilson must establish both elements. *See Damren v. Florida*, 776 F.3d 816, 821-22 (11th Cir. 2015).

---

firearm and that he had such knowledge. Convinced that his plea was knowing and voluntary, the court continued with Wilson's sentencing hearing without objection from him. *See* (Sentencing Tr. at 4-5).

[4] The court can also consider an untimely habeas motion if "a fundamental miscarriage of justice has occurred" whereby a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). But Wilson has not raised actual innocence as a basis for the court to consider his untimely habeas motion.

Under the first requirement of equitable tolling, Wilson must pursue his rights with "*reasonable* diligence," rather than "maximum feasible diligence." *See Holland*, 130 S. Ct. at 2565 (emphasis added). Furthermore, under the second requirement, Wilson must show that an extraordinary circumstance *beyond his control* prevented him from filing the petition timely. *San Martin,* 633 F.3d at 1267.

In an unpublished opinion, a panel of the Eleventh Circuit hinted that delays in filing § 2255 motions because of COVID-19 can be extraordinary circumstances for the purpose of equitable tolling *if* a prisoner can demonstrate *unique* circumstances to him that warrant equitable tolling. *See Rush v. Sec'y, Fla. Dep't of Corr.*, No. 21-10218-C, 2021 WL 3134763, at *1 (11th Cir. June 22, 2021) ("He also could not show extraordinary circumstances, as his circumstances were not different than any other prisoner attempting to access legal resources, as they all were subject to COVID-19 protocols."). So, Wilson must demonstrate *unique* circumstances in his case apart from other prisoners that prevented *him* from filing a timely habeas motion because of the COVID-19 pandemic. *See Hillard v. United States*, 2022 WL 165006 (S.D. Ga. January 18, 2022).

Wilson claims that the COVID-19 lockdowns prevented him from timely filing his motion and that he exercised reasonable diligence in "attempt[ing] to research his claims as well as submit his claim" by "forgoing showers and possible exposure to COVID-19 by working on one same (single) law library computer in the unit of 130 inmates who are unable to social distance." (Doc. 4 at 3). But in this case, Wilson cannot show that he is entitled to equitable tolling.

Assuming *arguendo* that the COVID-19 lockdowns somehow created an extraordinary circumstance that prevented prisoners from filing a § 2255 motion, that circumstance did not

9

arise until March 2020.[5]  As the court stated when discussing his untimeliness under § 2255(f)(2), Wilson had seven months *before* he claims the lockdowns at Big Sandy began in March 2020 to file a timely motion. He cannot show an extraordinary circumstance or reasonable diligence when he fails to show why he failed to file, or could *not* have filed, his § 2255 motion between August 27, 2019 when his conviction became final and March 2020 when he claims the lockdowns at Big Sandy began. *See Akins*, 204 F.3d at 1089 (finding that equitable tolling did not apply where Akins gave no explanation as to why he could not have prepared or filed his habeas motion *before* the first prison lockdown); *see also Franco v. United States*, 8:20-cv-2822-T-27JSS, 2021 WL 1546021 (M.D. Fla. April 20, 2021) (finding that COVID-19 pandemic was not an extraordinary circumstance for equitable tolling where petitioner did not adequately explain why he could not file his habeas motion *prior to* the imposition of COVID-19 restrictions in the prison); *Powell v. United States*, CV121-023, 2021 WL 2492462 (S. D. Ga. May 24, 2021) (equitable tolling not appropriate where habeas petitioner failed to show diligent efforts to pursue his rights *before* the COVID-19 pandemic began).

      Wilson's failure to explain why he could not research and file his habeas motion prior to March 2020 is fatal to his equitable tolling argument.  He has failed to show an extraordinary circumstance or any diligent efforts for the seven months before COVID-19 surfaced in March 2020. So, his claim for equitable tolling fails.

      The court finds that Wilson's habeas motion is untimely under 28 U.S.C. § 2255(f)(1),

---

[5] Although Wilson claims the lockdowns at Big Sandy began in March 2020, the documents that Wilson provided suggest that the lockdowns at Big Sandy did not begin until June 1, 2020. *See* (Doc. 4 at 12). But the court is giving Wilson the benefit of the doubt and using March 2020 as the date the lockdowns began at Big Sandy.

(f)(2), and (f)(3) and that he has failed to show either an extraordinary circumstance or reasonable diligence to warrant equitable tolling in this case. As such, the court will DENY his habeas motion as UNTIMELY.

The court is not required to hold an evidentiary hearing in a § 2255 proceeding "where the files and records of the case conclusively show that the movant is not entitled to relief." *Diaz v. United States*, 799 F. App'x 685, 690 (11th Cir. 2020) (citing 28 U.S.C. § 2255(b). For all the reasons explained above, the record shows that Wilson's habeas motion is untimely and that he is not entitled to equitable tolling. So, the court finds that an evidentiary hearing is not warranted in his case.

**CONCLUSION**

For all the reasons above, the court will DENY Wilson's motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255 as UNTIMELY and finds that no hearing on this motion is warranted.

The court will enter a separate Final Order.

**DONE** and **ORDERED** this 8th day of December, 2022.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE